UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOODY WOODROW TANKSLEY,<br><br>    Plaintiff,<br><br>  v.<br><br>CDC; et al.,<br><br>    Defendants.<br>_____ / | No. C 09-1981 MHP (pr)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Moody Woodrow Tanksley, a prisoner at the Salinas Valley State Prison, filed a pro se civil rights complaint under 42 U.S.C. § 1983 complaining of two separate problems. First, he alleges that some unidentified member of the correctional staff confiscated and destroyed a petition he was attempting to mail to a state court on April 7, 2009. Second, he alleges that Mary Jane, M.D., refused him medical care for his chest pains on APRIL 20, 2009. His complaint is now before the court for review pursuant to 28 U.S.C. § 1915A.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff alleges that his outgoing mail was destroyed by prison officials. This claim is deficient in that plaintiff has not named the prison officials who alleged destroyed the mail. Leave to amend is granted so that plaintiff may allege who destroyed his mail. If plaintiff does not know the true name of the alleged wrongdoers, he may use Doe defendant designations, so that each person is separately identified as a Doe defendant, e.g., John Doe # 1, John Doe # 2 etc. He must amend to allege what each defendant (whether identified as a Doe defendant or by true name) did or failed to do that caused an interference with his mail. Plaintiff is cautioned that, although the use of Doe defendants is acceptable to withstand dismissal of the complaint at the initial review stage, using Doe defendants creates its own problem: those persons cannot be served with process in this action until they are identified by their real names. The court will not stall this action while plaintiff tries to learn the name of the John Doe defendants. Rather, plaintiff must promptly take steps to discover the name of the unnamed defendants and provide that information to the court in an amendment to his pleading. The burden remains on the plaintiff; the court will not undertake to investigate the names and identities of unnamed defendants.

Insofar as the complaint is attempting to allege an interference with Tanksley's right of access to the courts, as well as his right to send and receive mail, the claim is deficient. In order to allege a claim for denial of access to the courts, the prisoner must allege that there was an inadequacy in the prison's legal access program that caused him an actual injury. See Lewis v. Casey, 518 U.S. 343, 350-51 (1996). To prove an actual injury, the prisoner must show that the inadequacy hindered him in presenting a non-frivolous claim concerning his conviction or conditions of confinement. See id. at 355. Examples of impermissible hindrances include: a prisoner whose complaint was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities,

2

1 he could not have known; and a prisoner who had "suffered arguably actionable harm" that 2 he wished to bring to the attention of the court, but was so stymied by the inadequacies of the 3 prison's services that he was unable even to file a complaint. See id. at 351.  In his amended 4 complaint, Tanksley may attempt to plead a denial of access to the courts claim, but is 5 cautioned that he must identify the actual injury he suffered to state a claim for relief.

6 Tanksley's other claim is that he was denied medical care by Dr. Mary Jane on April 20, 2009.  His complaint is too short on details for the court to determine that a claim for relief has been stated.  Although a plaintiff is not required to plead "specific factual details not ascertainable in advance of discovery," Gibson v. United States, 781 F.2d 1334, 1340 (9th Cir. 1986), he does not state a claim under 42 U.S.C. § 1983 if the allegations in the complaint are mere conclusions, Kennedy v. H & M Landing, Inc., 529 F.2d 987, 989 (9th Cir. 1976).  A complaint must contain sufficient allegations to put defendants fairly on notice of the claims against them.  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).  A complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights fails to meet the notice requirements of Federal Rule of Civil Procedure 8(a).  Hutchinson v. United States, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).  Leave to amend will be granted so that plaintiff may allege what the defendant did or failed to do that amounted to a denial of medical care, e.g., whether she gave him treatment with which he disagrees, whether she gave him treatment that he thinks was inadequate, or whether she simply chose to give him no treatment.  He must provide details of what occurred.  Additionally, he should explain the consequence of the alleged failure to treat him, e.g., describe the harm he suffered as a result of the alleged denial of medical care.

The court notes that Tanksley's handwriting is very difficult to read because it is so squished together.  In future filings, he should not write more than 28 lines of text per page and should use great care to make his writing legible.

Finally, administrative remedies must have been exhausted for each claim asserted in a federal civil rights complaint before the action is filed.  See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any

3

other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.")

## CONCLUSION

The complaint is DISMISSED with leave to amend. The amended complaint must be filed no later than **October 30, 2009**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in dismissal of this action.

IT IS SO ORDERED.

Dated: September 15, 2009

_____
Marilyn Hall Patel
United States District Judge